<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL[1]</td></tr>
<tr>
<td>MARÍA ANGÉLICA PASTOR ESCOBAR<br><br>*Recurrida*<br><br><br>v.<br><br><br>JOSÉ YAMIL BÁEZ MELÉNDEZ Y OTROS<br><br>*Peticionario*</td>
<td>KLCE202500422</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV00120 (801)<br><br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) y otros</td>
</tr>
</table>

Panel integrado por su presidenta; la Jueza Rivera Marchand, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece ante nos, el señor José Yamil Báez Meléndez (señor Báez Meléndez o peticionario) quien presenta recurso de *Certiorari* y nos solicita la revisión de la *Resolución Interlocutoria*[2] emitida el 18 de marzo de 2025 y notificada el 20 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* de plano la *Moción de Sentencia Sumaria*[3] presentada por el peticionario. Además, el 15 de mayo de 2025, el peticionario presenta ante este foro *Moción en Auxilio de Jurisdicción.*

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Además, mediante la Orden Administrativa OATA-2025-058, emitida el 29 de abril de 2025, se designó a la Hon. Monsita Rivera Marchand en sustitución del Hon. Juan R. Hernández Sánchez.

[2] Apéndice 35 del recurso de *Certiorari,* págs. 418-419.

[3] Apéndice 31 del recurso de *Certiorari,* págs. 362-380.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del recurso de *Certiorari* y declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción.*

## I.

La génesis de este caso ocurrió el 20 de enero de 2022, cuando la señora María Angélica Pastor Escobar (señora Pastor Escobar o recurrida) presentó una *Demanda*[4] de *injunction* y sentencia declaratoria contra el señor Báez Meléndez. En síntesis, alegó que el señor Paul Escobar Juárez (señor Escobar Juárez o causante)[5] era el único dueño y accionista de la corporación Escotech, Inc.; y que, mediante testamento, la instituyó como heredera universal de todos sus bienes. Asimismo, arguyó que el peticionario fungió como testigo instrumental en la aludida escritura. Señaló, además, que días antes de la muerte del señor Escobar Juárez, el peticionario, que era empleado de la corporación, gestionó la preparación y firma de una Resolución Corporativa mediante la cual el causante lo designó como presidente, y alegaba ser el dueño de las acciones, por virtud de una donación. Igualmente, la recurrida sostuvo que la alegada donación, de haberse efectuado, era nula, pues el ordenamiento jurídico requiere que las donaciones verbales de bienes muebles se efectúen mediante la entrega simultánea de las acciones, lo cual no ocurrió en este caso. A su vez, indicó que el peticionario se apropió de los bienes, libros y documentos de la corporación y les negó el acceso a estos.

Por todo lo anterior, la señora Pastor Escobar solicitó los siguientes remedios: 1) se dictara sentencia a los fines de declarar que ésta era la única titular de las acciones de la corporación; 2) se ordenara al peticionario a entregar todos los bienes y documentos pertenecientes al señor Escobar Juárez y a la corporación; y 3) se le

---

[4] Apéndice 1 del recurso de *Certiorari*, págs. 1-36.
[5] Surge de la *Demanda* que el causante era el tío de la parte aquí recurrida.

ordenara al peticionario a abstenerse de llevar a cabo gestiones dirigidas a asumir la dirección y titularidad de la corporación.

Luego de múltiples trámites procesales, el 1 de noviembre de 2023, el señor Báez Meléndez presentó una *Solicitud de Sentencia Sumaria a favor de la parte Demandada*[6]. En esta, adujo que en septiembre de 2019 ocurrió una donación válida en remedio. Además, argumentó que la Resolución Corporativa y la donación verbal de las acciones se realizaron conforme a derecho, por lo que, los remedios solicitados en la *Demanda* eran improcedentes. Señaló, que no existía impedimento alguno para que el señor Escobar Juárez le donara las acciones de la corporación, toda vez que, la señora Pastor Escobar no era una heredera forzosa y el causante podía disponer de su caudal sin limitación alguna. Por último, el peticionario señaló que no era necesaria la entrega física de las acciones para que la donación fuera válida y eficaz. Por tanto, solicitó la desestimación de la causa de acción en su contra.

Por su parte, el 16 de noviembre de 2023, la recurrida presentó *Oposición de la Demandante a Moci[ó]n de Sentencia Sumaria del Demandado*[7]. En esencia, alegó que la solicitud de sentencia sumaria presentada por el peticionario era improcedente en derecho, toda vez que, la misma estaba basada en prueba de referencia totalmente inadmisible. En específico, porque utilizó expresiones vertidas por el causante.

Al día siguiente, el peticionario presentó *Moción urgente en r[é]plica a la oposición de la parte demandante a la Moción de Sentencia Sumaria del Demandado*[8]. En síntesis, este adujo que la oposición presentada por la recurrida no cumplía con las disposiciones de la Regla 36 de Procedimiento Civil[9].

---

[6] Apéndice 6 del recurso de *Certiorari*, págs. 68-95.
[7] Apéndice 12 del recurso de *Certiorari*, págs. 132-153.
[8] Entrada Núm. 234 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[9] 32 LPRA Ap. V, R. 36.3.

Luego de varias incidencias procesales innecesarias pormenorizar, el 1 de abril de 2024, se celebró vista sobre el estado de los procedimientos, según surge de la Resolución 18 de abril de 2024[10], el TPI determinó dos (2) controversias para adjudicar por el tribunal, a saber:

a. si la donación hecha por el Sr. Paul Escobar Juárez al Sr. José Yamil Báez Meléndez en septiembre de 2019, es válida en derecho.

b. si la ratificación de la donación hecha mediante la Resolución Corporativa del 14 de mayo de 2021 es válida en derecho[11].

Además, estableció que los siguientes hechos no estaban en controversia:

1. El demandado, Sr. José Yamil Báez Meléndez es un profesional que se ha desempeñado por muchos años en la industria farmacéutica.

2. La parte demandada, José Yamil Báez Meléndez colabora con la Corporación Escotech, Inc. desde el año 2005.

3. El 12 de septiembre de 2019, el Sr. Paul Escobar Juárez otorgó un testamento mediante escritura número 247 ante el Notario Público Pedro Juan Caride Cruz.

4. Los testigos instrumentales identificados en el testamento, fueron el Sr. José Yamil Báez Meléndez, la Sra. Addie Andreu Pérez y la Sra. Jacqueline Venetta Henry Pemberton. En dicho testamento se instituyó como heredera a la Sra. María Angélica Pastor Escobar[12].

Además, el TPI al emitir la *Resolución*[13] declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria a favor de la parte Demandada* presentada por el señor Báez Meléndez. En particular, concluyó que era *meritorio examinar la legitimación activa o standing del demandante para interponer las solicitudes de sentencias declaratorias pues esto incide en nuestra facultad para entrar en sus méritos,* a su vez […] *la procedencia de los remedios solicitados por el demandante es contingente a que se establezca su rol de accionista* puntualizo […] *En este caso ya, estamos en un litigio que, se ha visto* **_impactado por vistas evidenciarias señaladas y no celebradas_**.

---

[10] Apéndice 21 del recurso de *Certiorari* pág. 216.
[11] *Íd.*
[12] *Íd.*
[13] Apéndice 21 del recurso de *Certiorari*, págs. 214-222.

Por último, destacó que *consideramos meritorio señalar que los dos remedios solicitados por el demandante* (validez de la donación y emisión de las acciones) *serán ser materia de prueba durante la vista evidenciaría adjudicativa*[14], y procedió a         señalar la vista evidenciaria adjudicativa.

En desacuerdo, el 30 de abril de 2024, el señor Báez Meléndez presentó un escrito intitulado *Urgente Moción en Solicitud de Determinaciones Adicionales de Hecho y Reconsideración de Resolución del 18 de abril de 2024*[15]. En esencia, sostuvo que el TPI erró al no concluir que, conforme a la totalidad de los hechos incontrovertidos, la transferencia de las acciones fue conforme a derecho y que, por tanto, procedía que se declarara sin lugar la *Demanda* de epígrafe[16].

Por su parte, el 20 de mayo de 2024, la recurrida compareció mediante *Oposición a Urgente Moción en Solicitud de Determinaciones Adicionales de Hecho y Reconsideración de Resolución del 18 de abril de 2024*[17].

El 23 de mayo de 2024, el TPI emitió una *Resolución*[18], en la que acogió los fundamentos presentados por la parte recurrida y declaró *No Ha Lugar* a la moción de reconsideración sobre orden protectora promovida por el peticionario.

Es por lo anterior que, el señor Báez Meléndez compareció ante este foro apelativo intermedio y presentó un recurso de *Certiorari* número KLCE202400662[19]. Así pues, tras la recurrida presentar su oposición, el 17 de julio de 2024, este Foro dictó *Sentencia*[20] en la cual expidió el auto solicitado y confirmó el

---

[14] Apéndice 21 del recurso de *Certiorari*, págs. 216- 217.
[15] Apéndice 22 del recurso de *Certiorari*, págs. 223-239.
[16] *Íd.*
[17] Apéndice 23 del recurso de *Certiorari*, págs. 240-254.
[18] Apéndice 24 del recurso de *Certiorari*, pág. 256.
[19] Apéndice 28 del recurso de *Certiorari*, págs. 300-326.
[20] Apéndice 30 del recurso de *Certiorari*, págs. 351-361.

dictamen recurrido, al disponer que el peticionario no cumplió con los requisitos de forma de la Regla 36 de Procedimiento Civil, *supra.*

Luego de varios incidentes procesales ante el TPI, el 4 de marzo de 2025, el señor Báez Meléndez presentó ante el foro recurrido una *Moción de Sentencia Sumaria*[21]. Así las cosas, el 10 de marzo de 2025[22], el TPI dictó una *Orden*[23] en la cual le concedió a la recurrida un término de veinte (20) días para que reaccionara a la solicitud de la sentencia sumaria presentada por el peticionario.

Por su parte, el 17 de marzo de 2025, la señora Pastor Escobar presentó una *Moción en Cumplimiento de Orden; Para que se niegue de plano la Solicitud de Sentencia Sumaria y para que se impongan costas y sanciones interlocutorias y honorarios de abogados*[24]. En la misma, la recurrida adujo que tanto el foro recurrido como el Tribunal de Apelaciones ya habían pasado juicio sobre los méritos de las mociones de sentencia sumaria. Así pues, el 19 de marzo de 2025, el peticionario presentó su Réplica a *Moción en Cumplimiento de Orden para que se Deniegue de Plano la Solicitud de Sentencia Sumaria*[25].

Evaluadas las posiciones de las partes, el 18 de marzo de 2025[26], el TPI emitió la *Resolución Interlocutoria*[27] aquí recurrida y declaró *No Ha Lugar* de plano la *Moción de Sentencia Sumaria* presentada por el señor Báez Meléndez.

Por su parte, el 18 de marzo de 2025, el foro recurrido emitió y notificó una *Orden*[28] concediéndole a la recurrida un término de veinte (20) días para que expresara su posición, bajo el apercibimiento de que, transcurrido el término, se daría por

---

[21] Apéndice 31 del recurso de *Certiorari*, págs. 351-361.
[22] Notificada el 13 de marzo de 2025.
[23] Apéndice 32 del recurso de *Certiorari*, pág. 401.
[24] Apéndice 33 del recurso de *Certiorari*, págs. 402-414.
[25] Apéndice 34 del recurso de *Certiorari*, págs. 415-417.
[26] Notificada el 20 de marzo de 2025.
[27] Apéndice 35 del recurso de *Certiorari*, págs. 418-419.
[28] Apéndice 36 del recurso de *Certiorari*, pág. 420.

sometida la solicitud de sentencia sumaria. El 8 de abril de 2025, la señora Pastor Escobar presentó *una Moción para que se aclare alcance de determinación de 28 de marzo de 2025 (SUMAC 355) y Reconsideración*[29]. Así pues, el 11 de abril de 2025[30], el TPI emitió una *Resolución Interlocutoria*[31] en la cual aclaró y dispuso *No Ha Lugar* de plano a la solicitud de sentencia sumaria.

Inconforme, el 21 de abril de 2025, el peticionario acudió ante nos mediante el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> A. INCURRIÓ EN ERROR EL HONORABLE TPI AL DECLARAR NO HA LUGAR DE PLANO LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR EL PETICIONARIO HACIENDO REFERENCIA LA RESOLUCIÓN DEL 18 DE ABRIL DE 2025 DECLARANDO SIN LUGAR LA MOCIÓN ANTERIOR DE SENTENCIA SUMARIA. LA MOCIÓN DE SENTENCIA PRESENTADA ES DISTINTA A LA ANTERIORMENTE PRESENTADA Y CUMPLE CON LOS REQUISITOS DE FORMA QUE EXIGE LA REGLA 36 DE LAS DE PROCEDIMIENTO CIVIL.
>
> B. INCURRIÓ EN ERROR EL HONORABLE TPI AL NO CUMPLIR CON EL MANDATO DE LA REGLA 36.4 DE LAS DE PROCEDIMIENTO CIVIL VIGENTES, LA CUAL EXIGE QUE EL TPI CONSIGNE TODOS AQUELLOS HECHOS ESENCIALES Y PERTINENTES SOBRE LOS CUALES NO HAY CONTROVERSIA SUSTANCIAL, ASÍ COMO AQUELLOS HECHOS ESENCIALES Y PERTINENTES QUE ESTÁN REALMENTE Y DE BUENA FE CONTROVERTIDOS.
>
> C. EL HONORABLE TPI INCURRIÓ EN ERROR DEBIDO A QUE EN LA RESOLUCIÓN RECURRIDA NO INCLUYÓ COMO DETERMINACIONES UNOS HECHOS INCONTROVERTIDOS Y ESENCIALES, A PESAR DE QUE LOS MISMOS ESTÁN SOSTENIDOS POR PRUEBA DOCUMENTAL INCONTROVERTIDA.
>
> D. ERRÓ EL HONORABLE TPI AL NO RESOLVER QUE LA DONACIÓN DE ACCIONES EN ESTE CASO CUMPLE CON LOS REQUISITOS EN LEY TODA VEZ SE TRATA DE UNA DONACIÓN DE ACCIONES CORPORATIVAS (INTANGIBLE) Y NO UN OBJETO. ES UNA CUESTIÓN DE DERECHO QUE DEBIO RESOLVER.
>
> E. ERRÓ EL TPI AL NO CONSIDERAR NI APLICAR EL DERECHO VIGENTE PARA RESOLVER QUE LA DONACIÓN DE LAS ACCIONES HECHA POR EL SR. PAUL ESCOBAR JUÁREZ AL SR. BÁEZ EN SEPTIEMBRE DE 2019, FUE RATIFICADA MEDIANTE LA RESOLUCIÓN CORPORATIVA DEL 14 DE MAYO DE 2021.

---

[29] Apéndice 37 del recurso de *Certiorari*, págs. 421-428.
[30] Notificada el 14 de abril de 2025.
[31] Apéndice 38 del recurso de *Certiorari*, págs. 429-420.

Por su parte, el 29 de abril de 2025, la señora Pastor Escobar compareció mediante *Memorando al Amparo de la Regla 37 del Reglamento del Tribunal de Apelaciones en Oposición a Recurso de Certiorari.*

El 15 de mayo de 2025, el peticionario presentó *Moción en Auxilio de Jurisdicción.* Ese mismo día, la señora Pastor Escobar presentó *Oposición a Moción en Auxilio de Jurisdicción.* Con el beneficio de la comparecencia de las partes, procedemos a exponer el derecho aplicable.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[32] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[33]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[34]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[35]

---

[32] 32 LPRA Ap. V, R. 52.1.
[33] 4 LPRA Ap. XXII-B, R. 40.
[34] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[35] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[36]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[37]
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

---

[36] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[37] 32 L.P.R.A. Ap. V, R. 52.1.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**III.**

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, faculta a este foro intermedio apelativo a revisar las resoluciones interlocutorias dictadas por el TPI, en especial, cuando se recurre de una denegatoria de una moción de carácter dispositivo. Es por eso que, al ser una *Resolución Interlocutoria* de la cual se recurre y por ser esta una denegatoria de una *Moción de Sentencia Sumaria,* estamos habilitados para expedir el recurso solicitado. No obstante, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional.

Tras examinar el expediente y los argumentos presentados por el peticionario, no surge que el foro recurrido haya actuado de forma prejuiciada o parcializada, ni que incurriera en un craso abuso de discreción o que se equivocara en la aplicación de la norma jurídica. El señor Báez Meléndez tampoco constató que abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia, de manera que estemos llamados a ejercer nuestra función revisora. Recordemos que, a pesar de que la revisión de una denegatoria de una moción de carácter dispositivo

exige que consideremos el asunto *de novo*[38], tal ejercicio surge dentro del marco del recurso extraordinario de *certiorari*, **cuya característica esencial es la discrecionalidad que se nos habilita para expedirlo o no**. En ese sentido, entendemos que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Además, tampoco encontramos justificación alguna para intervenir con la orden cuya revisión se solicita, a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos que anteceden, ***denegamos*** el recurso de epígrafe. En consecuencia, devolvemos el caso al foro recurrido para la continuación de los procedimientos conforme con lo aquí resuelto. En cuanto a la *Moción en Auxilio de Jurisdicción*, la declaramos ***No Ha Lugar***.

A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones[39], el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí dispuesto sin tener que esperar por nuestro mandato.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[38] Tanto la *Moción de Sentencia Sumaria*, como el escrito presentado en oposición a esta, cumplen con algunas de las formalidades requeridas por la por la Regla 36.

[39] 4 LPRA Ap. XXII-B, R. 35 (A) (1).